**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>COREY DAVID BROWN,<br><br>Defendant - Appellee. | No. 09-50397<br><br>D.C. No. 09-cr-00059-MMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted July 15, 2010
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and CAMP, Senior District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jack J. Camp, Senior United States District Judge for the Northern District of Georgia, sitting by designation.

The Government appeals the district court's order granting Defendant Corey Brown's motion to suppress evidence seized from his home and car. The district court determined that the emergency exception to the warrant requirement of the Fourth Amendment did not apply. We have jurisdiction pursuant to 18 U.S.C. § 3731. We reverse.

We review de novo the lawfulness of a search under the Fourth Amendment, United States v. Snipe, 515 F.3d 947, 950 (9th Cir. 2008), but review for clear error the district court's factual determinations, United States v. Martinez, 406 F.3d 1160, 1163 (9th Cir. 2005). Neither party, however, disputes the factual findings of the district court.

"The emergency doctrine allows law enforcement officers to enter and secure premises without a warrant when they are responding to a perceived emergency." United States v. Stafford, 416 F.3d 1068, 1073 (9th Cir. 2005); see also Brigham City, Utah v. Stuart, 547 U.S. 398, 403 (2006) ("[L]aw enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury."). For the emergency exception to apply, the Government must show that: "(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or

themselves from serious harm; and (2) the search's scope and manner were reasonable to meet the need." Snipe, 515 F.3d at 952; see also United States v. Reyes-Bosque, 596 F.3d 1017, 1029 (9th Cir. 2010). "In determining whether such an entry is objectively reasonable, the Supreme Court has 'consistently eschewed bright-line rules, instead emphasizing the fact-specific nature of the reasonableness inquiry,' and looked to the totality of the circumstances." Snipe, 515 F.3d at 953 (quoting Ohio v. Robinette, 519 U.S. 33, 39 (1996)).

The undisputed facts show that, as a result of two 911 calls, the Garden Grove Police Department dispatched officers to investigate a domestic dispute at 4:40 a.m. The first 911 call was from the victim, and the individual taking the call heard in the background a large disturbance, including a man screaming threats and profanities. The second 911 call was from a neighbor who reported that he heard two males and a female fighting in the courtyard area of the apartment complex. Responding officers saw a male and female exit the gate when they arrived at the apartment complex, but there was no indication at the time that the male and female were involved in the domestic dispute. Upon entering the courtyard, the officers found Defendant shirtless, intoxicated, and aggressively approaching them screaming profanities. The officers then saw the victim exit the front door of one of the apartments. She was crying and upset. Through the apartment's open front

door, the officers could see a shattered glass table with glass scattered across the living room floor.

Under the totality of the circumstances, it was objectively reasonable for the officers to enter the open apartment to make sure that no one seriously injured or potentially dangerous remained inside the apartment. See Snipe, 515 F.3d at 952. The officers need not have assumed that the couple seen leaving the apartment complex were the other individuals reported by the second 911 caller, and, thus, that all of the individuals reportedly involved in the dispute were accounted for. Moreover, the scope and manner of the search was reasonable under the circumstances to meet the needs of the situation, see Snipe, 515 F.3d at 952; Defendant does not dispute this on appeal. In sum, because the first search fell within the emergency exception to the Fourth Amendment's warrant requirement, the search was lawful. The district court therefore erred by suppressing the gun found in the apartment, as well as other evidence uncovered as a result of the gun's discovery.

Likewise, the evidence discovered as a result of Officer Kovacs's subsequent entry and search of the apartment is admissible because that search was also lawful under the emergency exception. A reasonable officer in Officer Kovacs's shoes would have had an objectively reasonable basis to believe that two

minor children were inside the apartment and potentially in danger, in light of Defendant Brown's statements to that effect. The officers who first entered the apartment did not know of the possible presence of children, nor could they verify that they had searched every possible location for potential victims. It is irrelevant that Officer Kovacs said he did not enter the apartment out of concern that two minors might be inside. See Brigham City, 547 U.S. at 404 ("An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind. . . .")

**REVERSED.**